BROOK, OLIPHANT & COMPANY, PLAINTIFFS IN ERROR, v. WILLIAM I. VANNEST, DEFENDANT IN ERROR.

1. The endorsee of a promissory note endorsed it "for discount and credit of himself." Before maturity he took it out of the bank which discounted it for him and passed it away with this special endorsement. *Held*, that the person to whom it was so passed acquired a valid title under such endorsement.
2. The validity of a transfer made in this state of a note made payable in New York must be governed by the law of this state.

On error to the Supreme Court.

For the plaintiffs in error, *James S. Aitkin* and *George M. Robeson*.

For the defendant in error, *Woodbury D. Holt* and *William M. Lanning*.

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an action to recover the amount due upon the following promissory note :

"$4,986$\frac{25}{100}$.                   TRENTON, N. J., Jany. 30, 1891.

"Four months after date we promise to pay to the order of ourselves forty-nine hundred and eighty-six $\frac{25}{100}$ dollars at the office of Wm. B. Brook & Co., at No. 40 John Street, New York City, value received.

"BROOK, OLIPHANT & CO."

Endorsed—"Brook, Oliphant & Co.   For discount and credit of the Central Rubber Selling Co.

"JOHN H. BRITTON, *Treas.*"

This note was executed by Brook, one of the firm of Brook, Oliphant & Company, in favor of the said firm, and passed to the Central Rubber Company, without consideration.

It was discounted in New York for the Central Rubber Company, and was taken up by that company before it was due and put in its safe at Trenton, in this state.

The manager of the Central Rubber Company, after that and before the maturity of the note, passed it to Vannest, who is the plaintiff below.

The makers of the note set up in defence in the trial court—*first*, that the plaintiff below acquired no legal title to the note under the special endorsement of the treasurer of the Central Rubber Company ; *secondly*, that the plaintiff below was not a *bona fide* holder for value.

It is undoubtedly true that if the note had fallen into the hands of anyone before it had reached the bank which discounted it, he could not have acquired or passed to another any valid title to it.

The special endorsement would have been notice of an infirmity in the holder's title.

But after that endorsement had served its purpose, and the note came back to the Central Rubber Company, that com-

pany, by passing it to Vannest, gave him as good a title as if the endorsement had not been special but general.

The trial judge properly ruled that under the circumstances the burden was cast on Vannest to show that he was a *bona fide* holder for value.

The circumstances under which he acquired the note were these:

On the 6th of May, 1891, he loaned to the Star Rubber Company, of which one Thomas A. Bell was manager, the sum of $5,000 in cash, and took the note of that company for the amount so loaned. Within a week after that date, Bell, on behalf of the same company, applied to him for another loan of $7,000. To induce Vannest to make this loan, Bell, who was also secretary and manager of the Central Rubber Company, gave to Vannest the note sued on, to pay the aforesaid loan of $5,000, and thereupon, on the 13th of May, 1891, Vannest loaned the said sum of $7,000 to the Star Rubber Company. This transaction was made in Trenton.

In *Allaire* v. *Hartshorne,* 1 *Zab.* 665, the court of last resort in this state settled the law to be that where one takes a negotiable note before maturity as security for a precedent debt, he is a *bona fide* holder, and may recover upon it.

The law of this state must govern this controversy.

The validity of a contract depends upon the laws of the state where the contract is made. *Armour* v. *McMichael,* 7 *Vroom* 92.

But a transfer of personal property, which is valid by the law of the place where such transfer is made, is sufficient to pass a valid title to it. *Frazier* v. *Fredericks,* 4 *Zab.* 162; *Runyon* v. *Groshon,* 1 *Beas.* 86.

The consideration given by Vannest for the note being sufficient according to the rule which obtains in this state to constitute him a *bona fide* holder for value, it is not necessary to discuss the New York cases.

There is no error in the proceedings below, and, therefore, the judgment should be affirmed.

· *For affirmance*—THE CHANCELLOR, GUMMERE, LIP-
PINCOTT, LUDLOW, VAN SYCKEL, BOGERT, BROWN, SIMS,
SMITH, TALMAN. 10.

· *For reversal*—None.